UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE GARY HANN,                                No. 08-14516

    Debtor-Appellant                      District Judge Nancy G. Edmunds

                                                        Magistrate Judge R. Steven Whalen

_____/

**REPORT AND RECOMMENDATION**

On October 23, 2008, Appellant Gary Hann filed this case as an appeal from Bankruptcy Court. For the reasons set forth below, I recommend that the appeal be DISMISSED..

**I.   BACKGROUND**

Plaintiff-Appellant is a former prison inmate who was sentenced to a prison term of 2 to 20 years following his conviction in state court of possession of child sexually abusive material and using the internet to commit a crime against a minor. According to the Michigan Department of Corrections Offender Tracking Information System (OTIS), Plaintiff was paroled on February 27, 2008. He has filed numerous cases in this Court and in Bankruptcy Court, as well as state court.[1] The common thread in all of these cases is Plaintiff's contention that the State of Michigan improperly sought remedies against him arising out of his conviction, including payment from him under the State Correctional

---

[1] *Hann v. State Treasurer*, E.D. Mich. No. 04-70977 (Rosen, J.) (dismissing based on Plaintiff's improper removal from state court); *Hann v. State of Michigan*, E.D. Mich. No. 05-71347 (Borman, J.) (dismissing claims related to SCFRA and Plaintiff's IRA, based on *Rooker-Feldman* doctrine); *Hann v. State Treasurer*, E.D. Mich. No. 07-13687 (Edmunds, J.) (accepting my Report & Recommendation that bankruptcy appeal be dismissed under *Rooker-Feldman*, and as frivolous); *Hann v. State of Michigan* (Report and Recommendation to dismiss appeal filed, pending resolution of objections).

Facility Reimbursement Act (SCFRA), M.C.L. § 800.401, *et.seq.*, state forfeiture proceedings, and other fines associated with his conviction and incarceration.

On October 12, 2005, Appellant filed a Chapter 7 petition in the United States Bankruptcy Court for the Eastern District of Michigan, which was docketed under Bankruptcy Court No. 05-79798.  An Order Discharging Debtor was entered on February 23, 2006, and on August 9, 2007, the Bankruptcy Court entered a final decree discharging the trustee and closing the Chapter 7 case.  During the course of the bankruptcy proceedings, both before and after the Order Discharging Debtor, the Appellant filed a number of adversary proceedings against individuals and entities associated with his criminal conviction and sentence.

The present case concerns adversary proceeding no. 08-4911.  Named as Defendants are Oakland County, Gary L. Tunis, Mary M. Mara, the 50th District Court, and then Oakland County Prosecutor David G. Gorcyca.  At issue is property that the Prosecutor's Office seized pursuant to civil forfeiture proceedings under M.C.L. § 600.4701, et. seq.[2]  Appellant argues that the Defendants failed to "turn over exempted property" under 11 U.S.C. § 542(a), and also violated the "automatic stay and discharge injunction despite repeated written notices." Appellant sought to remove the State district court action to Bankruptcy Court.

The Defendants-Appellees filed a motion to dismiss the adversary proceeding, or in the alternative, for summary judgment in the Bankruptcy Court.  On November 7, 2008, the Bankruptcy Court dismissed adversary proceeding no. 08-4911, and denied reconsideration on November 20, 2008.

---

[2] The forfeited property, which was seized pursuant to the criminal investigation and charges against the Appellant, includes a 1988 Toyota automobile and various computer devices.

## II.   STANDARD OF REVIEW

This Court has the inherent authority to dismiss a frivolous case.  "[A] district court may, at any time, dismiss *sua sponte* a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999) (citing *Hagans v. Lavine,* 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974)).  This inherent authority extends to a frivolous bankruptcy appeal.  *See Hann v. State Treasurer*, 2009 WL 724052 (E.D. Mich. 2009).  A case is frivolous if it lacks arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## III.   DISCUSSION

Like most of his filings, in this action and in others that have come before this Court, the Appellant's adversary proceeding is a convoluted but calculated attempt to circumvent State of Michigan civil proceedings related to his conviction and incarceration, in this case a forfeiture action directed at instrumentalities of the criminal offense for which he was arrested and convicted.  This attempt has no basis in law.

Following Appellant's conviction in 2002, the Oakland County Prosecutor, on behalf of the People of the State of Michigan, filed a forfeiture proceeding in 50th District Court, under docket no. GZ 02-124160.  This proceeding was pending when Appellant filed Chapter 7 bankruptcy proceedings on October 12, 2005.  In his petition, Appellant listed the property that was the subject of the forfeiture action as "exempt."

A short discussion of Michigan's forfeiture statute would be helpful.  Under M.C.L. § 600.4702(1)(a), personal property that constitutes the instrumentality of a crime

is subject to seizure by and forfeiture to a local unit of government or the state.  Property that is seized under the Forfeiture Act "is not subject to any other action to recover personal property but is considered to be in the custody of the seizing agency...."  M.C.L. § 600.4703(5).  Exclusive jurisdiction in a forfeiture action lies in state district court. M.C.L. § 600.4709.

In the adversary proceeding in Bankruptcy Court, Appellant appears to have argued that the Defendants' failure to "turn over" the automobile and computer equipment, which was the subject of the ongoing forfeiture proceedings, violated the automatic stay provisions of 11 U.S.C. § 362(a)(3).  That section provides that the filing of a bankruptcy petition operates as a stay of  "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." However, notwithstanding that Appellant had designated this property as "exempt," which calls into question whether it was "property of the estate," *see In Re Kretzer*, 48 B.R. 585 (D. Nev. 1985),[3] 11 U.S.C. § 362(b)(4) excludes from the automatic stay provisions of § (a)(3) "the commencement or continuation of an action or proceeding by a governmental unit...to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power."  A state forfeiture action comes within the police power exception of § 362(b)(4).  *Matter of Smith*, 176 B.R. 221, 222 (N.D. Alabama 1995), citing *In re James*, 940 F.2d 46 (3rd Cir. 1991).

---

[3] Under 11 U.S.C. § 522( *l* ), debtor may claim property as exempt.  "Unless a party in interest timely objects, property claimed as exempt is exempted from the bankruptcy estate." *Kretzer*, at 587.  *Kretzer* held that an automatic stay terminates when property leaves the estate, and where, as in the present case, property is claimed as exempt, and no objection is filed, the automatic stay is then terminated, and the property revests in the debtor. *Id.*

Thus, as in *Smith*, "the automatic stay does not prohibit the State...from proceeding in state court with its forfeiture action."

Appellant also claims that the Defendants violated 11 U.S.C. § 542(a), which provides that an entity that has possession, custody or control of estate property must deliver that party to the trustee. However, when read in conjunction with § 362(b)(4), which exempts state forfeiture actions from the automatic stay provisions, it is clear that a state government agency that has seized, and is seeking to forfeit instrumentalities of criminal activity, is not required to deliver that property to the bankruptcy trustee under § 542(a). In *Boricua Motors Leasing Corp. v. Commonwealth of Puerto Rico*, 154 B.R. 834 (D. Puerto Rico 1993), the Commonwealth confiscated a vehicle under its forfeiture laws. The Plaintiff, who had filed a Chapter 11 bankruptcy petition, then filed a complaint under § 542(a) seeking to compel the Commonwealth to turn over the vehicle to the trustee. Relying on *In re James, supra*, the court dismissed the § 542(a) complaint, finding that the forfeiture law served an important state policy against the manufacture and sale of narcotics, and that the state civil forfeiture action fell within the police power exception to the automatic stay. 154 B.R. at 835.

Speaking more generally to criminal convictees who attempt to use bankruptcy courts to circumvent state "police power" laws such as Michigan's forfeiture statute, the court in *United States v. Grooms*, 1997 WL 578752, *3 (W.D.Va.,1997), stated:

> "As the legislative history to the act explains, 'the bankruptcy laws are not a haven for criminal offenders.' H.R.Rep. No. 595, 95th Cong., 2d Sess, 342, *reprinted in* 1978 U.S.C.C.A.N. 5963, 6299; *see also, In re Caldwell,* 5 B.R. 740, 741 (Bankr.W.D.Va.1980) (stating that the powers of bankruptcy courts 'have been invoked to the end that fraud will not prevail, that substance will give way to form, that technical considerations will not prevent substantial justice from being done'); *In re Jerzak,* 47 B.R. 771, 773 (Bankr.W.D.Wis.1985) (noting that criminal-actions not statutorily enjoined under section 362); *In re Trail West, Inc.,* 17 B.R. 330, 332 (Bankr.D.S.D.1982)(same and citing legislative history). As noted above, a

>forfeiture action is not part of the underlying criminal action and section 362(b)(1) does not apply to the case before the court. *However, the criminal action exception indicates the legislature's intent to turn away from bankruptcy those with unclean hands.* (Emphasis added).

For the same reasons, Appellant's argument that the forfeiture action violates the discharge provisions of 11 U.S.C. § 524 is without merit. That section provides that a discharge from bankruptcy court enjoins actions "to collect, recover or offset any such debt as a personal liability of the debtor," or "to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case." The state forfeiture proceedings, commenced under the state's police powers, simply do not fall within § 524.

In his many filings in Bankruptcy Court and this Court, Appellant has attempted to do exactly what the Court in *Grooms* criticized, and to grant him the remedy he seeks in this case not only has no basis in the bankruptcy code, but would impermissibly interfere with the State of Michigan's enforcement of its police powers and public safety laws, a result specifically prohibited under 11 U.S.C. § 362(b)(4).

Because this appeal is frivolous–that is, it has no basis in law or fact–it should be *sua sponte* dismissed.

### IV.   CONCLUSION

I recommend that the Court exercise its inherent authority to DISMISS this appeal as frivolous.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947

(6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen  
UNITED STATES MAGISTRATE JUDGE

Dated: July 23, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 23, 2009.

s/Susan Jefferson  
Case Manager